IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2:20-cr-225-NR |
| | ) |
| TYLER RUTHERFORD, | ) |
| | ) |
| Defendant. | ) |

## OPINION

**J. Nicholas Ranjan, United States District Judge**

      The government and Defendant Tyler Rutherford entered a Rule 11(c)(1)(C) plea agreement, stipulating to a term of imprisonment of 60 months. During Mr. Rutherford's Change of Plea hearing, the Court deferred the decision whether to accept the plea agreement until sentencing, and thus, after Probation completed the Presentence Investigation Report ("PSR"). While the parties stipulated to a 60-month imprisonment term, it turned out—as the PSR stated and which no party disputed—that Mr. Rutherford's guidelines range was 77 to 96 months imprisonment. ECF 55, p. 18. The Court therefore could accept the 11(c)(1)(C) sentence only if "the agreed sentence is outside the applicable guideline range for justifiable reasons." U.S.S.G. § 6B1.2(c)(2).

      At Mr. Rutherford's sentencing hearing, counsel represented, among other things, that the stipulated sentence resulted from arms-length negotiating and bargaining, but fell below the guidelines range due to the parties' good-faith miscalculation of the guidelines (specifically, understating Mr. Rutherford's criminal history). Finding the requisite "justifiable reasons," the Court ultimately accepted the parties' 11(c)(1)(C) plea agreement and sentenced Mr. Rutherford according to the stipulated sentence. ECF 64; ECF 66. The Court writes now to further explain its reasoning.

While the parties made a good-faith mistake in calculating the guidelines, both sides still wished the Court to accept the agreement.[1] The Court notes at the outset, however, that a mistake in calculating the guidelines—even if in good faith—cannot, by itself, be a sufficient justifiable reason for the Court to accept a downward or upward varied sentence. This is because the parties' stipulated sentence, whether based on a correct or mistaken calculation of the guidelines, "is contingent on the district court accepting the agreement and its stipulated sentence," which the Court can only do after "evaluating the recommended sentence in light of the defendant's Guidelines range." *Hughes v. United States*, 138 S. Ct. 1765, 1776 (2018) (citing *Freeman v. United States*, 564 U.S. 522, 529-30 (2011)); *see also Freeman*, 564 U.S. at 529-30 ("Any bargain between the parties is contingent until the court accepts the agreement. The Guidelines require the district judge to give due consideration to the relevant sentencing range, even if the defendant and prosecutor recommend a specific sentence as a condition of the guilty plea.").

If the Court were to find that a good-faith mistake in calculating the guidelines is an independently sufficient justifiable reason for a varied sentence, it would be nothing more than a tautology—the parties' stipulated sentence would be justified simply because the parties stipulated to it. Instead, because the Court can only accept the parties' stipulated sentence (outside the guidelines range) for justifiable reasons, the sole fact that the parties reached a stipulated agreement is not sufficient—otherwise, U.S.S.G. § 6B1.2(c)(2)'s "justifiable reasons" requirement would be meaningless.

That said, a good-faith mistake, resulting from arms-length negotiating, in calculating the guidelines range does not automatically disqualify a Rule 11(c)(1)(C) agreement. It can, instead, be one of several factors that comprise justifiable reasons

---

[1] The situation before the Court was not one where a party wished to withdraw from the agreement, which would require a separate analysis than the one conducted here.

for an acceptable varied sentence. The Court certainly understands that good-faith mistakes can occur when the parties negotiate at arms-length. And arms-length negotiating as to a plea agreement is indeed an essential component of our criminal justice system.

The Court therefore looks at additional factors that could comprise justifiable reasons to accept the varied stipulated sentence. While not exhaustive, the Court finds a variety of potentially relevant considerations, many of which applied to Mr. Rutherford in this case. For example, the Court appreciates the certainty and reduced risk that a plea agreement provides to both parties—but particularly to the defendant, who may remove the potential for a more severe sentence. The plea agreement also removes the uncertainty of trial. *See, e.g.*, *United States v. Kearn*, -- F. Supp. 3d -- 2022 WL 37648, at *9 (D. Kan. Jan. 4, 2022) ("Courts across the country have recognized the benefits that flow from the certainty of a Rule 11(c)(1)(C) agreement" and collecting cases). And particularly relevant to Mr. Rutherford, the plea agreement entered here was reached on the eve of trial. The Court thus recognizes and considers the compressed timeframe the parties had to reach the stipulated agreement, and the heightened risk of a good-faith calculation error under those circumstances.

Finally, the degree and effect of the mistake can either promote or diminish the justifiable reasons to accept the plea. That is, the closer the stipulated sentence is to the correct guidelines range, the lesser the degree of justifiable reasons is needed for the Court to accept the plea. But the greater the discrepancy between the stipulated sentence and the correct guidelines range, the greater the need for significant justifiable reasons. *See, e.g.*, *United States v. Rodriguez-Armendariz*, 329 F.R.D. 277, 282 (D.N.M. 2018); *United States v. Coney*, 390 F. Supp. 2d 844, 853 (D. Neb. 2005). Here, the stipulated sentence represented about a 17-month variance;

when considering all of the relevant sentencing factors, that did not result in such a great discrepancy as to require significant reasons to support the sentence.[2]

**********************

For these reasons, as well as those stated on the record at the sentencing hearing, the Court accepted the Rule 11(c)(1)(C) agreement entered into in this case.

DATED: March 2, 2022          BY THE COURT:

                              /s/ *J. Nicholas Ranjan*
                              United States District Judge

---

[2] This is not to mention that the stipulated sentence must also align with the Section 3553(a) factors. 18 U.S.C. § 3553(a). As the Court stated on the record at Mr. Rutherford's sentencing hearing, there were a number of additional mitigating factors under Section 3553, which supported what was, in effect, a 17-month downward variance, when considered in combination with the parties' good-faith mistake.